**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| MITCHELL MCPHERSON,<br><br>      Plaintiff,<br><br>    v.<br><br>MCDONALD'S USA, LLC, a Delaware limited liability company, and MCDONALD'S CORPORATION, a Delaware corporation,<br><br>      Defendants. | Case No. 1:23-cv-02913<br><br>Hon. Steven C. Seeger |

**JOINT INITIAL DISCOVERY STATUS REPORT**

Plaintiff and Defendants McDonald's USA, LLC ("McDonald's USA") and McDonald's Corporation ("McDonald's Corp.) (collectively with McDonald's USA, "Defendants," and together with Plaintiff, the "Parties"), have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

## I.     Nature of the Case

### A.     Attorneys of Record

Counsel for Plaintiffs are Jon Loevy (lead trial attorney), Dan Twetten, Steve Art, and Quinn Rallins of Loevy + Loevy.

Counsel for Defendants are Patricia Brown Holmes (lead), Amy C. Andrews (co-lead), Mary Laird, and Nathan Shine of Riley Safer Holmes & Cancila LLP.

1

### B.     Jurisdiction

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1981, and 28 U.S.C. § 1367(a).

### C.     Overview of the Case

Plaintiff is a former McDonald's franchisee who owned and operated nine McDonald's stores in the Baltimore area over 35 years. Plaintiff alleges that Defendants discriminated against him based on his race and breached their contracts with Plaintiff by, among other things, denying Plaintiff benefits provided to white franchisees (including rent relief), conducting inspections differently than Defendants did for white franchisees, openly belittling and embarrassing Plaintiff based on his race, and unilaterally dictating to whom Plaintiff would be permitted to sell his stores.

Defendants categorically deny Plaintiff's allegations.

### D.     Claims and Counterclaims

Plaintiff's Complaint (Dkt. 1) alleged the following claims:

Count I: 42 U.S.C. § 1981 racial discrimination in contracting against Plaintiff.

Count II: 42 U.S.C. § 1981 racial discrimination in contracting against all Black franchisees.

Count III: 42 U.S.C. § 1982 racial discrimination in leasing of real property against Plaintiff.

Count IV: 42 U.S.C. § 1982 racial discrimination in leasing of real property against all Black franchises.

Count V: breach of contract.

Count VI: tortious interference with business relationships.

On March 27, 2026, this Court ruled on Defendants' motion to dismiss. This Court dismissed Counts II, IV, and VI in their entirety. Dkt. 43. This Court granted in part and denied in part the motion to dismiss as to Counts I, III, and V. *Id*. For Count I, this Court ruled that "McPherson's allegations about post-contract-formation conduct survives to the extent it relies on discriminatory acts after May 9, 2019." *Id*. at 59. For Count III, this Court ruled that "McPherson's allegations about post-contract-formation conduct survives to the extent that it relies on discriminatory acts after May 9, 2021." *Id*. For Count V, this Court ruled that it "survives only as Defendants' alleged breach of Section 3 of the franchise agreement." *Id*.

Defendants filed their Answer (Dkt. 48) and asserted thirty affirmative defenses, including but not limited to statute of limitations, legitimate and non-discriminatory reasons for any alleged actions taken by Defendants, failure of Plaintiff to perform the contract, lack of breach of contract by Defendants, failure by Plaintiff to identify any similarly situated comparators, failure of plaintiff to meet Defendants' national franchisee standards, and forum non conveniens.

### E.     **Principal Factual Issues**

The principal factual issues concern whether Defendants engaged in racial discrimination or  breach of contract by, including, but not limited to, denying Plaintiff benefits provided to white franchisees (including rent relief), conducting inspections differently than Defendants did for white franchisees, openly belittling and embarrassing Plaintiff based on his race, and unilaterally dictating to whom Plaintiff would be permitted to sell his stores. There are also factual issues about whether these alleged acts caused damages to Plaintiff, and, if so, the amount of those damages. In addition, factual issues exist regarding the dates upon which Plaintiff's franchise agreements were signed and terminated, the identity of the parties to those franchise agreements, whether Plaintiff was in material breach of those agreements during Plaintiff's time as a McDonald's USA

franchisee, and whether Plaintiff released some or all of his claims either during his time in or upon exit from the McDonald's System.

### F. Principal Legal Issues

The Parties dispute the legal merits of Plaintiff's claims and Defendants' affirmative defenses. There also are legal issues relating to: (a) the standing of Plaintiff to pursue the claims asserted in the complaint, either due to release of some or all of his claims, or because of a failure to join the proper party-in-interest; and (b) whether corporate separateness bars Plaintiff from holding McDonald's Corp. liable for franchisor-level decisions allegedly made by McDonald's USA.

### G. Relief Sought

Plaintiff seeks compensatory damages, punitive damages, reasonable attorneys' fees and costs, and an award of pre-judgment and post-judgment interest, to be determined at trial. Plaintiff seeks compensatory damages based on lost profits, loss of investment value, lost business opportunities, excessive costs that were incurred, accumulation of unnecessary debt, and lost revenue upon the sale of Plaintiff's stores. In addition, Plaintiff alleges that he suffered emotional distress, humiliation, damage to professional reputations, and to future business prospects. Plaintiff will seek a compensatory damage amount to be determined at trial, but conservatively estimates such damages are at least $5 million. Plaintiff seeks punitive damages in amount to be determined at trial, but conservatively estimates such damages as at least $50 million. In addition, Plaintiff will seek recovery of reasonable attorneys' fees and costs. At this time, such fees and costs are relatively modest, but in the event that Plaintiff prevails at trial, such fees and costs will be several million dollars.

**H.    Status of Service**

All Defendants have been served and have filed an answer.

**II.    Discovery**

**A.    Proposed Schedule**

The Parties propose the following discovery schedule:

| Event | Deadline |
|---|---|
| Initial Disclosures | To be served June 22, 2026 |
| Fact Discovery Commencement | May 26, 2026 |
| Amendment to Pleadings | February 1, 2027 |
| Completion of Fact Discovery | April 1, 2027 (approximately 10 months from start date) |
| Disclosure of Plaintiff's Expert Report(s) | May 3, 2027 |
| Deposition of Plaintiff's Expert(s) | June 2, 2027 |
| Disclosure of Defendant's Expert Report(s) | July 2, 2027 |
| Deposition of Defendant's Expert(s) | August 2, 2027 |
| Close of Expert Discovery | August 2, 2027 |
| Dispositive Motions | September 2, 2027 |

**B.    Depositions**

The Parties currently anticipate that there will be a need for 10 fact witness depositions per side, excluding Rule 30(b)(6) witnesses and expert witnesses. The Parties currently anticipate that there will be a need for two to four expert depositions.

### C. <u>**Special Issues**</u>

The Parties do not currently foresee any special issues with respect to discovery, but reserve their rights to seek modification of any scheduling order entered by the Court with respect to the planning and sequencing of discovery. For purposes of forthcoming discovery requests and potential disputes arising therefrom, Defendants note at the outset that McDonald's Corp. and McDonald's USA are separate legal entities. To the extent that Plaintiff seeks nationwide or corporate-level discovery, Defendants also anticipate raising objections related to proportionality, scope, and burden.

Additionally, and as this Court is aware, this case is related to two cases currently pending before it: (i) *King, et al. v. McDonald's USA, LLC et al.*, Case No. 1:20-cv-05132; and (ii) *Manning, et al. v. McDonald's USA, LLC, et al.*, Case No. 1:23-cv-00210. When the *King* and *Manning* matters were severed, the Court directed Plaintiffs' counsel to "make substantial efforts to coordinate" discovery requests, including depositions, to "minimize the burdens imposed" and cautioned that severance "would not be a reason to double the amount of discovery aimed at McDonald's." *King*, Dkt. 83.

Discovery in the *King* and *Manning* matters is currently stayed, as the pleadings still are at issue. Thus, to the extent Plaintiff intends to seek corporate-level discovery in this case before or if discovery opens in *King* and *Manning*, Defendants request that that Plaintiff coordinate such discovery consistent with the Court's prior directives to avoid duplicative burden. Defendants recognize that this may create circumstances in which the proposed discovery schedule does not provide sufficient time for the Court to resolve the pending motions to dismiss in *King* and *Manning*. Accordingly, Defendants may require reasonable flexibility in the proposed discovery schedule should overlapping corporate-level issues arise before those motions are resolved. In

taking this position, nothing in this submission should be construed as waiving Defendants' arguments regarding improper joinder, the individualized nature of each plaintiff's case, including but not limited to, distinct franchise agreements and franchisor-level decision-making, or Defendants' forum non conveniens position.

Plaintiff's position is that 10 months is adequate time to complete discovery in this matter, including taking into account any coordination with the *King* and *Manning* matters.

### III.     Trial

#### A.     Jury Demand

Plaintiff has demanded a trial by jury.

#### B.     Length of Trial

The Parties anticipate that a trial in this matter will last one to two weeks.

### IV.     Settlement, Referrals, and Consent

#### A.     Settlement Discussions

The Parties to this matter have not had any settlement discussions.

#### B.     Settlement Conference

The Parties do not believe a settlement conference would be productive at this time.

#### C.     Consent to Magistrate

The Parties do not unanimously consent to proceed before the Magistrate Judge.

### V.     Other

#### A.     Plaintiff. Nothing at this time.

#### B.     Defendants. Nothing at this time.

Dated: May 22, 2026

Respectfully submitted,

/s/ Dan Twetten

Jon Loevy
Dan Twetten
Steve Art
Quinn Rallins
Loevy + Loevy
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
(312) 243-5900
jon@loevy.com
dan@loevy.com
steve@loevy.com
rallins@loevy.com

*Counsel for Mitchell McPherson*

/s/ Mary A. Laird

Patricia Brown Holmes
Amy C. Andrews
Mary A. Laird
Nathan A. Shine
Riley Safer Holmes & Cancila LLP
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
(312) 741-8700
pholmes@rshc-law.com
aandrews@rshc-law.com
mlaird@rshc-law.com
nshine@rshc-law.com

*Counsel for McDonald's USA, LLC and McDonald's Corporation*

8